**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DANA RUDY,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ALTON MRSS, LLC, d/b/a BEST WESTERN PLUS PARKWAY HOTEL, and JASHUMATI, INC., d/b/a BEST WESTERN PLUS PARKWAY HOTEL,**<br><br>**Defendants.** | **Case No. 26-CV-146-DWD** |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Defendants, Alton MRSS, LLC d/b/a Best Western Plus Parkway Hotel and Jashumati, Inc., d/b/a Best Western Plus Parkway Hotel filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. 19). Plaintiff has responded and Defendants have replied. (Docs. 24 and 26). For the reasons that follow, the motion is **DENIED.**

## I. BACKGROUND

On February 9, 2026, Plaintiff filed her original complaint (Doc. 1) alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. She named as defendants Alton MRSS LLC d/b/a Best Western Plus Parkway Hotel ("Alton MRSS") and Jashumati, Inc. d/b/a Best Western Plus Parkway Hotel

("Jashumati"). The complaint indicates that both defendants have their principal place of business at 1900 Homer Adams Parkway Alton, Illinois.

The original complaint alleged that the Equal Employment Opportunity Commission ("EEOC") issued a Right-to-Sue notice on December 23, 2025; that on February 4, 2026, the Illinois Department of Human Rights ("IDHR") issued a Notice of EEOC Adopted Finding; and that Plaintiff timely filed this action within 90 days of those notices. The EEOC notice attached to the original complaint, however, concerned a charge filed by an individual named Angela Jackson and referenced a charge number that did not involve Alton MRSS or Jashumati. (Doc. 1-1). The IDHR notice likewise referenced a charge filed by Angela Jackson against ABCSP LLC d/b/a Always Best Care Senior Services. (Doc. 1-2).

On April 27, 2026, Defendants moved to dismiss the original complaint for lack of subject-matter jurisdiction and failure to state a claim. (Doc. 14). The following day, Plaintiff filed an Amended Complaint, mooting the earlier filed motion to dismiss. (Doc. 15).

The Amended Complaint alleges that Plaintiff has satisfied all statutory and administrative prerequisites to filing suit under the ADEA and IHRA. (Doc. 15 ¶ 5). It also alleges that the EEOC issued a Right-to-Sue notice on December 23, 2025, and that Plaintiff timely filed suit. (Doc. 15 ¶¶ 6-7). The notice attached to the Amended Complaint correctly identifies Plaintiff as the charging party. (Doc. 15-1). It does not, however, name Alton MRSS or Jashumati as respondents. Instead, the charge referenced in the notice

(Charge No. 560-2025-02984) names Best Western Hotels and Resorts in Phoenix Arizona as the respondent. (Docs. 15-1; 23 pg. 9; 23-3; 23-4; 23-5).

The Notice of Right to Sue, however, identifies the location of the incident as being at "Best Western Hotels and Resorts on 1900 Homer Adams Parkway Alton, Illinois." (Doc. 18-1). It further indicates that the Notice of Right to Sue was transmitted to that same entity and to Kasie Eaker (Defendants' general manager) at 1900 Homer Adams Parkway in Alton, Illinois (Defendants' principal place of business).

The Amended Complaint further alleges that the IDHR issued a Notice of EEOC Adopted Finding on February 4, 2026. That notice identifies Plaintiff as the complainant but names Best Western Hotels and Resorts as the respondent, not Alton MRSS or Jashumati.

Counts I, II, and III of the Amended Complaint assert ADEA and IHRA claims against Alton MRSS. Count IV adds a successor-liability claim against Jashumati and alleges that, prior to the subject purchase, Jashumati had knowledge of Plaintiff's discrimination claims against Alton MRSS.

## II. PARTIES' ARGUMENTS

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. They contend that dismissal is required because Plaintiff has failed to allege that she timely filed a charge of discrimination with the EEOC or IDHR against either Defendant, or that either agency issued a notice of right to sue authorizing suit against either Defendant. More specifically, Defendants argue that

Plaintiff's alleged discharge occurred on or about April 23, 2025, so that any EEOC charge had to be filed within 300 days (i.e. by February 17, 2026). Because no such charge was filed against the named Defendants by that date, Defendants contend that the ADEA claims in Counts I and II are time-barred and must be dismissed with prejudice. They further contend that the absence of a timely EEOC charge against the named Defendants precludes a timely cross-filed IDHR charge, requiring dismissal of the IHRA claim in Count III with prejudice. As to Count IV, Defendants argue that the failure to exhaust as to Alton MRSS precludes successor liability against Jashumati, and that Count IV independently fails to plead facts sufficient to establish successor liability.

In response, Plaintiff contends that the ADEA and IHRA exhaustion requirements are mandatory claim-processing rules, not jurisdictional prerequisites, and therefore cannot support dismissal under Rule 12(b)(1). She asserts that the Amended Complaint adequately pleads exhaustion as to both Defendants and that nothing on the face of the pleading warrants dismissal under Rule 12(b)(1) or 12(b)(6). Plaintiff notes that the EEOC's Right-to-Sue notice indicates it was mailed to Best Western Hotels and Resorts at 1900 Homer Adams Parkway, Alton, Illinois, the address of the Best Western Plus Parkway Hotel and of both Defendants as alleged in the Amended Complaint, and was also mailed to Defendants' General Manager, Kasie Eaker, at the same address.

Plaintiff additionally contends that Defendants overstate the significance of the Right-to-Sue notice under the ADEA. She notes that an ADEA plaintiff may file suit 60 days after filing a charge with the EEOC regardless of whether the EEOC takes further action, and that the Supreme Court has recognized that the ADEA's enforcement

mechanisms and waiting periods differ in material respects from those of Title VII. Plaintiff maintains that mailing the charge notice to the Illinois address of the hotel and to its General Manager provided sufficient notice.

Plaintiff further invokes the exception recognized in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981). She contends that the exception applies because Defendants received notice of the charge and had an opportunity to participate in the administrative proceedings. Plaintiff acknowledges that she initially named Best Western Hotels and Resorts because she did not know the precise corporate structure of her employer, but states that her EEOC charge identified the Defendants' principal place of business as her workplace. She further asserts that Best Western International, Inc., upon learning of the charge, informed the EEOC (on or about July 23, 2025) that the hotel at the 1900 Homer Adams Parkway address was independently owned and operated and that Best Western International was not the proper respondent; Best Western International also notified the then-owner, Alton MRSS, of the charge and directed the EEOC to communicate with Alton MRSS going forward.

Plaintiff alleges that Defendants had notice of the charge from June 13, 2025 (when the EEOC mailed notice to the hotel's principal place of business) through December 23, 2025 (when the Right-to-Sue notice issued), and that they participated in the administrative process, including mediation. She states that on October 30, 2025, her counsel emailed the hotel's General Manager, Ms. Eaker, regarding early resolution; that Ms. Eaker responded on November 11, 2025, stating that the hotel was under new ownership and that Miraj Patel (registered manager of Alton MRSS) was no longer part

of the hotel, while confirming that she remained General Manager of the hotel; and that on November 25, 2025, Mr. Patel requested the video-conference link for mediation scheduled that day. Plaintiff, Mr. Patel, and Ms. Eaker thereafter attended the EEOC mediation.[1] Plaintiff contends that these facts demonstrate Defendants were not deprived of notice or an opportunity to participate, and that they may be considered on a motion to dismiss because they are consistent with the allegations of the Amended Complaint.

As to successor liability, Plaintiff argues that she was not required to exhaust administrative remedies against Jashumati, that exhaustion as to its predecessor, Alton MRSS, is sufficient, and that the Amended Complaint adequately alleges successor liability without the need for additional factual detail.

In reply, Defendants contend that under *Eggleston* Plaintiff must affirmatively plead facts sufficient to invoke the exception or face dismissal. They argue that notice alone is insufficient and that the Amended Complaint itself fails to allege that either Defendant had notice that the charge was directed against Alton MRSS or Jashumati, or that either Defendant had the opportunity to participate in conciliation or related proceedings. Defendants further note that, unlike the Notice from the EEOC, the Notice sent by IDHR was sent to the Chief Executive Officer of Best Western Hotels and Resorts in Phoenix, Arizona.

[1] As alleged in Plaintiff's Amended Complaint, Kasie Eaker was Plaintiff's Supervisor and General Manager when she worked for Alton MRSS. The Amended Complaint further alleges that Jushmati purchased Alton MRSS by October of 2025.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and ... draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (citation omitted). But "allegations in the form of legal conclusions are insufficient" to survive a motion to dismiss, as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (citations and internal quotation marks omitted).

On a motion to dismiss under Rule 12(b)(6), the Court considers "not only 'the complaint itself,' but also 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice' " as well as "additional facts set forth in [briefing], so long as those facts are 'consistent with the pleadings.' " *Phillips*, 714 F.3d at 1019-20 (citations omitted). Additionally, "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove" without converting the motion into a Rule 56 motion for summary judgment. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012).

## IV. DISCUSSION

### A. Exhaustion

Before filing suit under the ADEA, a plaintiff "must first file a charge of discrimination with the EEOC and then wait sixty days before bringing an action in federal court." *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019). A right-to-sue letter is not required. *Id.* at 399 n. 2.

Although courts once treated exhaustion as jurisdictional, the Supreme Court has clarified that Title VII's charge-filing requirement, and by extension the ADEA's, is a mandatory claim-processing rule, not a jurisdictional prerequisite. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851-52 (2019); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982); *Dave v. Bd. of Trs. of S. Illinois Univ., Carbondale*, No. 3:18-CV-02122-GCS, 2024 WL 1367238 (S.D. Ill. Mar. 31, 2024), reconsideration denied, No. 3:18-CV-02122-GCS, 2025 WL 776165 (S.D. Ill. Mar. 11, 2025), and aff'd sub nom. Dave v. Bd. of Trs. of S. Illinois

Univ., No. 25-1465, 2026 WL 221251 (7th Cir. Jan. 28, 2026) ("Exhaustion is neither a jurisdictional prerequisite nor an essential element of a Title VII or ADEA claim, but a condition precedent to bringing a claim under each act."). Defendants' exhaustion arguments are therefore properly evaluated under Rule 12(b)(6).

Ordinarily, a party not named in the charge may not be sued. *Eggleston v. Chi. Journeymen Plumbers' Local Union No.* 130, 657 F.2d 890, 905 (7th Cir. 1981); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). An exception exists, however, where an "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* The decisive inquiry is whether the unnamed defendant "had notice that *it* was subject to suit." *Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693, 696–97 (N.D. Ill. 1994)(emphasis supplied); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666–67 (7th Cir. 2013). To survive a motion to dismiss, a plaintiff seeking to invoke the exception "must plausibly suggest that the *Eggleston* exception applies." In other words, a plaintiff must allege facts showing the unnamed party had notice of the charge against it and an opportunity to participate on its own behalf. *Alam*, 709 F.3d at 666–67. Administrative charges are construed "with 'utmost liberality.'" *Eggleston*, 657 F.2d at 906. The ADEA is humanitarian legislation that should not be construed in a hypertechnical manner, particularly given the difficulties of identifying the precise legal employer in franchise and complex business arrangements. *Trujillo*, 926 F.3d at 399–401.

The Amended Complaint alleges that Plaintiff exhausted her administrative remedies and satisfied all conditions precedent to bringing suit. The attached EEOC Notice of Right to Sue, and the charge referenced therein, names Best Western Hotels and Resorts, not Alton MRSS or Jashumati. Standing alone, that bare allegation is insufficient under *Alam*. 709 F.3d at 666–67 (affirming dismissal after the plaintiff was given leave to amend and still failed to plead any facts regarding notice or opportunity to the unnamed entity).

Unlike *Alam*, however, Plaintiff has responded to the motion with specific additional facts, supported by the notice itself and other materials, that are consistent with the Amended Complaint's exhaustion allegation. On a Rule 12(b)(6) motion the Court may consider documents attached to the complaint, documents central to it, matters subject to judicial notice, and additional facts set forth in briefing that are consistent with the pleadings. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). *See also Draghiciu v. Reid Hosp. & Health Care Servs., Inc.*, 2025 WL 786763, at *3 (S.D. Ind. Mar. 12, 2025) (denying dismissal of ADEA claim against entity not named in charge after considering letter submitted in opposition showing notice and opportunity, and emphasizing liberal construction of ADEA charges).

Accepted as true for present purposes, the additional facts show both notice that the charge concerned the operations at 1900 Homer Adams Parkway and a meaningful opportunity to participate on the operators' own behalf. The EEOC mailed notice of the charge to Best Western Hotels and Resorts at that Alton address, the address of the hotel

and of both Defendants as alleged in the Amended Complaint, and also to the hotel's General Manager, Kasie Eaker, at the same address. The notice identified the location of the incident as the Best Western at that address. On or about July 23, 2025, Best Western International, Inc., informed the EEOC that the hotel was independently owned and operated, notified the then-owner Alton MRSS of the charge, and directed the EEOC to communicate with Alton MRSS going forward. Plaintiff's counsel later corresponded with General Manager Eaker regarding early resolution of the claim. Additionally, Miraj Patel, registered manager of Alton MRSS, requested the videoconference link for the EEOC mediation scheduled for November 25, 2025. Thereafter, Plaintiff, Patel, and Eaker, attended that mediation.

These circumstances supply a plausible basis to conclude that Alton MRSS and its successor, Jashumati, received notice that the charge was directed at their workplace and that they had an opportunity to participate in conciliation on their own behalf. This is sufficient, at the pleading stage, to invoke the *Eggleston* exception and defeat dismissal. *See* e.g., *Bord v. Good Natured Prods. (Ill.), LLC*, 2023 WL 4625778, at *5–6 (N.D. Ill. July 19, 2023) (considering consistent correspondence submitted with opposition and finding *Eggleston* satisfied as to successor); *Marshall v. AA Healthcare Mgmt., LLC*, 2024 WL 4624847 (E.D. Wis. Oct. 30, 2024) (denying dismissal where charge and complaint materials plausibly suggested notice and participation by unnamed related entity).

Defendants emphasize that Alton MRSS and Jashumati are independent owners and operators, not affiliates of the named respondent. While corporate independence can be relevant where an unnamed party never had reason to understand that it was itself

the target, *see Schnellbaecher*, 887 F.2d at 127; *Bright*, 846 F. Supp. at 696–97, it is not dispositive where the unnamed party in fact received notice that the charge concerned its workplace and then participated in conciliation on its own behalf. The *Eggleston* exception turns on actual notice and opportunity, not on a formal corporate relationship with the named respondent.[2]

Finally, the same notice and opportunity facts preserve the cross-filed IDHR/IHRA claim at the pleading stage. Defendants note that the formal IDHR notice was mailed to the Best Western entity in Arizona. That fact does not erase the actual notice and opportunity that occurred through the EEOC process and the subsequent participation by hotel personnel, at least at this stage of the litigation. Here, whether the facts ultimately establish the *Eggleston* exception is better suited for summary judgment.

For these reasons, the Court finds that the failure to name Alton MRSS and Jashumati in the charge does not require dismissal. Defendants' motion to dismiss on exhaustion grounds is therefore **DENIED**.

[2] Separately, the Court notes that the Charge of Discrimination and the Notice of Charge of Discrimination sufficiently identified the Plaintiff's workplace even though it did not use the precise local trade name of the hotel. The charge named "Best Western Hotels and Resorts" in Phoenix, Arizona as the respondent. But the body of the charge states that Plaintiff worked at "BWH's 1900 Homer Adams Parkway Alton, IL location", and notice of the charge was mailed to that address. (Docs. 23-3, 23-4). Providing the brand name together with the specific street address of the place of employment may be sufficient to identify the employer for ADEA purposes. *See Trujillo*, 926 F.3d 1t 400-01. Unlike *Eggleston, Trujillo* did not involve a completely unnamed party. Instead, it involved a "minor error" in naming the employer. *Id.* at 400. Specifically, the charge used the store's public-facing trade name rather than the precise LLC name but supplied the correct address and phone number. The Appellate Court held that this information was enough to identify the employer and that the minor naming discrepancies did not bar suit. The circumstances here, naming the brand name plus the specific Alton hotel address where Plaintiff worked and that Alton MRSS operated until it was purchased by Jaashumati, is analogous.

**B. Successor Liability**

Jashumati argues that Plaintiff's successor-liability claim should be dismissed for failure to state a claim. Ordinarily, an asset purchaser does not acquire the seller's liabilities, including pending lawsuits. The successorship doctrine is an exception to that general rule. Federal common law governs successor liability for federal claims. *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013). In cases involving more than one corporate entity, "successor liability is the default rule" for enforcing federal employment laws. *E.E.O.C. v. Northern Star Hosp., Inc.*, 777 F.3d 898, 901 (7th Cir. 2015) (citing *Teed*, 711 F.3d at 766).

Successor-liability determinations are fact-intensive. *See Plumbers' Pension Fund, Local 130, U.A. v. Republic Piping Sys.*, No. 19-cv-2891, 2020 WL 4437846, at *2 (N.D. Ill. Aug. 3, 2020). Fact-intensive inquiries are generally inappropriate for resolution on a Rule 12(b)(6) motion. *See Kalagian v. ClearFlame Engines, Inc.*, No. 24-CV-50471, 2025 WL 2076662, *2 (N.D. Ill. July 23, 2025). Courts do not make factual determinations regarding successor liability at the motion-to-dismiss stage. *Lakeside Bldg. Maint., Inc. v. Raytheon Travel*, No. 02-cv-3723, 2002 WL 31115584, at *2 (N.D. Ill. Sept. 20, 2002).

Under federal principles, courts consider the following factors when evaluating successor liability: (1) whether the successor had notice of the pending claim; (2) whether the predecessor would have been able to provide the relief sought before the sale; (3) whether the predecessor could have provided relief after the sale; (4) whether the successor can provide the relief sought; and (5) whether there is continuity between the

operations and workforce of the predecessor and the successor. *Teed*, 711 F.3d at 765-66. The federal standard is "more favorable to plaintiffs than most state-law standards." *Id.* It is intended to protect workers' rights, and "the imposition of successor liability will often be necessary to achieve the statutory goals because the workers will often be unable to head off a corporate sale by their employer aimed at extinguishing the employer's liability to them." *Id.*

Defendants contend that the Amended Complaint merely recites the five factors in formulaic fashion and must therefore be dismissed. The Court disagrees. As to notice, the Amended Complaint alleges that Jashumati purchased the Best Western Plus Parkway Hotel from Alton MRSS in or around October 2025 and that, prior to the purchase, Jashumati had knowledge of Plaintiff's discrimination claims against Alton MRSS. It further alleges that Plaintiff filed the EEOC charge several months before the transaction.

As to the ability to provide relief, the Amended Complaint alleges that, before the sale of its business operations, Alton MRSS would have been able to provide the relief sought in Counts I through III. It further alleges that Jashumati is now the only entity that can provide that relief.

As to continuity, the Amended Complaint alleges that, after the purchase, Jashumati continued to operate the hotel business in a manner substantially similar to the manner in which Alton MRSS had operated it. Specifically, Jashumati operates the same business at the same location, using substantially similar operating procedures. This

includes operating with substantially similar employee policies and guidelines, and with substantially the same members of management staff.

These allegations supply facts, not mere conclusions or formulaic recitations of the elements, that support a plausible claim of successor liability. They give fair notice of the basis for the claim and raise a right to relief above the speculative level. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Resolution of whether successor liability in fact exists must await summary judgment, after the parties have had the opportunity for discovery.

## V. CONCLUSION

For the reasons stated herein, the Motion to Dismiss (Doc. [19]) is **DENIED**.

**SO ORDERED.**

Dated: November 24, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.11.24 15:57:03 -06'00'

DAVID W. DUGAN
United States District Judge